**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHDER SOTO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILD PLANET FOODS, INC.,<br><br>Defendant.<br><br>HENEY SHIHAD, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WILD PLANET FOODS, INC. and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 5:15-cv-05082-BLF<br><br>Case No. 1:16-cv-01478-BLF<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br>AS MODIFIED BY THE COURT<br>Date: May 11, 2017<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 3 – 5th Floor<br><br>Honorable Beth Labson Freeman |

Upon review and consideration of the Stipulation for Class Action Settlement, and the attachments thereto which have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. The parties have agreed to settle this matter upon the terms and conditions set forth in the Stipulation for Class Action Settlement (the "Settlement Agreement" or the "Settlement"), which has been filed with the Court.

2. The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

3. Based upon preliminary examination, it appears to the Court that the Settlement substantially fulfills the purposes and objectives of this class action, and provides substantial relief to the Settlement Class without the risk, cost, or delay associated with continued litigation, trial, and/or appeal; the Settlement Agreement appears fair, reasonable, and adequate; the Settlement Class should be certified for settlement purposes, subject to Paragraphs 5-6, 17 below; and a final approval hearing (a "Fairness Hearing") should be held, after notice has been sent to the Settlement Class, to determine whether the proposed Settlement is fair, reasonable, and adequate and whether a Settlement Approval Order and Final Judgment should be entered in this action based upon the Settlement Agreement.

4. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Court finds that: (a) the Settlement Agreement is the result of intensive, arm's-length negotiations between experienced attorneys familiar with the legal and factual issues of this case; all Settlement Class Members are treated fairly under the Settlement; (b) the Settlement provisions in the Settlement regarding payment of Class Counsel's attorneys' fees and costs appear reasonable under the circumstances; and (c) the Settlement Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Fairness Hearing described below.

5. The Court conditionally certifies, for settlement purposes only, a Settlement Class defined as: "All residents of the United States of America who, from November 5, 2011 to the date of this order, purchased any can of branded tuna produced by, for, or on behalf WP, including cans sold under the 'Wild Planet' brand and the 'Sustainable Seas' brand." Excluded from this definition are the Released Persons. Settlement Class Members who exclude themselves from the Settlement shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of the Settlement Agreement.

6. In connection with the conditional certification, the Court makes the following findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

   a. The Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the named plaintiffs are typical of the claims being resolved through the proposed Settlement;

   d. The named plaintiffs are capable of fairly and adequately protecting the interests of the Settlement Class in connection with the proposed Settlement;

   e. For purposes of determining whether the Settlement is fair, adequate, and reasonable, common questions of law and fact predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class is sufficiently cohesive to warrant adjudication through settlement by representation; and

   f. For purposes of Settlement, a settlement with the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-05082-BLF AND CASE NO. 1:16-CV-01478-BLF

2

7. In making the findings set forth in Paragraph 6, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. Plaintiffs Ehder Soto and Heney Shihad are designated as Class Representatives.

8. The Court appoints Bursor & Fisher, P.A., Nathan & Associates, APC and the Law Offices of Ross Cornell as Class Counsel for the Settlement Class. For purposes of these settlement approval proceedings, the Court finds that Bursor & Fisher, P.A., Nathan & Associates, APC and the Law Offices of Ross Cornell, APC are competent and capable of exercising their responsibilities as Class Counsel.

9. A final approval hearing shall be held before this Court at least ninety (90) days after notice is sent in accordance with 28 U.S.C. § 1715(b), i.e., on [ Sept. 14 ], 2017 at ~~9:00 a.m.~~ 1:30 p.m., to determine whether the Settlement is fair, reasonable, and adequate and should be approved. The Court shall also rule on Class Counsel's fee and expense application and the Class Representatives and the Interested Parties' application for incentive awards (the "Fee Application") at that time. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Settlement Approval Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

10. As soon as possible after the entry of this Order, Class Counsel shall cause the Class Notice substantially in the form attached as Exhibits 6-7 to the accompanying Fisher Declaration, to be promulgated, on or before [ June 25, 2017 ], according to the Notice Plan designed by KCC Class Action Services LLC ("KCC"), which has been chosen by the parties as the Settlement Administrator. Specifically, KCC's proposed Notice Plan includes creation of a dedicated settlement website and an Internet banner ad and social media campaign. The settlement website shall be accessible on or before Internet banner ad and social media campaign commences and shall remain accessible until the expiration of the claims period.

11. The Court finds that the contents of the proposed class notices, and the manner of

[~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-05082-BLF AND CASE NO. 1:16-CV-01478-BLF

3

their dissemination described in KCC's Notice Plan, is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the proposed class notices are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process. Finally, the Court finds that Settlement Class Members will have until [ Aug. 25 ], 2017 to submit their proofs of claim, which is due, adequate, and sufficient time.

12. Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Settlement Class may mail a written request for exclusion, postmarked no later than [ Aug. 25 ], in the form specified in the Notice, to: Soto v. Wild Planet Foods, Inc. Settlement Administrator, PO Box 43034, Providence RI, 02940-3034. All persons or entities who properly make a request for exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights under the Settlement, should it be approved. At least seven (7) calendar days prior to the final approval hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class, and Class Counsel shall file that list with the Court.

13. Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness or adequacy of the proposed Settlement, or the Fee Application, or both. Settlement Class Members may do so either on their own or through counsel hired at their expense. Any Settlement Class Member who wishes to object to the proposed Settlement must, on or before [ Aug. 25 ], 2017, file an objection with this Court. The objection must contain the following: (i) a notice of the objector's intention to appear at the Fairness Hearing, if the objector so intends; (ii) the name and address of the objector and the objector's counsel (if the

objector intends to appear through counsel); (iii) a statement of the basis for each objection asserted; (iv) any legal authorities that the objector wishes the Court to consider; (v) a list of documents and things the objector wishes the Court to consider and is providing to the Court to support their objection; (vi) a list of documents and things the objector may offer as evidence or exhibits; and (vii) the names and addresses of any witnesses the objector may call to testify and a summary of each such witness's expected testimony. On or before that same date, any such objecting Settlement Class Members shall serve a copy of such papers by first-class mail on each of the following counsel:

<u>For the Settlement Class:</u>

L. Timothy Fisher
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596

<u>For Defendant:</u>

Joseph V. Mauch
Shartsis Friese LLP
One Maritime Plaza, 18th Floor
San Francisco, CA 94111-3598

14. Settlement Class Members who fail to object to the proposed Settlement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement; and (3) not be entitled to speak at the Fairness Hearing.

15. Papers in support of final approval of the Settlement and the Fee Application shall be filed with the Court on or before [ Aug. 11 ], 2017. Any responses to objections to the proposed Settlement or the Fee Application, and any further papers in support of the Fee Application or final approval, shall be filed with the Court on or before [ Sept. 7 ], 2017.

16. In summary, the dates of performance are as follows:

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-05082-BLF AND CASE NO. 1:16-CV-01478-BLF

5

a. The Notices required to be sent to Settlement Class Members per the Settlement Agreement shall be sent as soon as possible after the entry of this Order, in accordance with the KCC Notice Plan;

b. Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked no later than [ Aug. 25 ], 2017;

c. All objections to the proposed Settlement or Fee Application shall be filed and served by [ Aug. 25 ], 2017;

d. Papers in response to objections, if any, and in further support of the Fee Application shall be filed and served by [ Sept. 7 ], 2017;

e. Supplemental papers, if any, in support of final approval, shall be filed and served by [ Sept. 7 ], 2017; and

f. The Fairness Hearing shall be held on [ Sept. 14 ], 2017, at [ 1:30 p.m. ].

17. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Settlement Approval Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

b. The conditional certification of a nationwide Settlement Class pursuant to this Order shall be vacated automatically, the actions underlying this matter shall proceed as though the Settlement Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the matter shall return to the *status quo ante* before entry of this Order;

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-05082-BLF AND CASE NO. 1:16-CV-01478-BLF

6

  c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendant or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

  d. Nothing in this Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action; and

  e. All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

18.  Pending final determination of whether the proposed Settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Persons in any court or tribunal asserting any of the claims at issue in this matter.

19.  The firm of KCC is hereby appointed as Settlement Administrator for this proposed Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Settlement Agreement.

20.  All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

21.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the proposed Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

**IT IS SO ORDERED.**

Dated: May 11, 2017

*/s/ Beth Labson Freeman*
Honorable Beth Labson Freeman
United States District Court Judge

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 5:15-CV-05082-BLF AND CASE NO. 1:16-CV-01478-BLF

8